IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
*(Baltimore Division)*

IN RE:                                     *

ANITA L TRACEY                             *        CASE NO.: 07-10895 NVA
                                                    Chapter 7
    Debtor                                *

*   *   *   *   *   *   *   *   *   *   *   *   *

**TRUSTEE'S MOTION FOR APPROVAL OF SALE OF REAL PROPERTY**
[Undisputed Liens Paid at Closing & Co-Owner Having Previously Consented]

    NOW COMES Michael G. Rinn, Trustee in proper person and moves, pursuant to 11 U.S.C. §363 and Bankruptcy Rule 6004 as follows:

    1.    The Debtor filed a Petition commencing this case under Chapter 7 of the Bankruptcy Code on or about January 29, 2007.

    2.    Among the assets which constitute property of the Debtor's estate, are the Debtor's right, title and interest in and to the following real property located in Caroline County, commonly known as: *3702 Diane Avenue, Hampstead, Maryland 21074*.

    3.    Pursuant to the the terms and conditions of the prior Order of this Court dated January 31, 2008, Authorizing Sale of Real Property Fee and Clear of Co-owner Interest (Doc.15), the Trustee proposes to sell at private sale, the right, title and interest of the Debtor and the co-owner in and to the improved real property located in Carroll County, Maryland and described and known as *3702 Diane Avenue, Hampstead, Maryland 21074* (hereinafter "the Real Property").

    4.    Your undersigned Trustee further proposes and intends to offer the said property for sale, subject to the following terms and conditions,

**The basic terms of the proposed sale are as follows**:

| | | |
|---|---|---|
| a. | TYPE OF SALE: | Private negotiated Sale. |
| b. | PROPERTY TO BE SOLD: | 3702 Diane Avenue, Hampstead, Maryland 21074 |
| c. | PURCHASE PRICE: | $180,000.00. |
| d. | BUYERS: | Everett Tracey |
| | | NOTE: The Buyer is the son of the Debtor and the co-owner of the Real Property. The Co-owner, William Tracey died on February 11, 2010, subsequent to the Order of this Court dated January 18, 2010, Authorizing Sale of Real Property Fee and Clear of Co-owner Interest. The Real Property has been on the market for not less than a 2 years, including both pre and post-petition and the offer represents the best and highest offer to date. |
| e. | PLACE AND TIME OF SALE: | As soon after Court approval as is practicable. |
| f. | REALTOR COMMISSIONS: | As allowed by the Court. |
| g. | TRUSTEE'S COMMISSIONS: | As allowed by the Court. |
| h. | SETTLEMENT CHARGES: | Transfer taxes and documentary stamps shall be paid solely by Buyer. |
| i. | APPRAISAL: | The scheduled value of the Property is $265,000, however the property to be sold has been marketed for not less than a 2 years, including both pre and post-petition and the offer represents the best and highest offer to date. |
| j. | LIENS TO BE PAID AT CLOSING: | Unavoidable, undisputed liens to be paid and satisfied at closing. |
| k. | ADDITIONAL SUBSTANTIVE TERMS: | The Buyer agrees to release the Bankruptcy Estate of Anita Tracey from any and all claims for reimbursement or contribution arising from the payment by Buyer of taxes, repairs or liens upon the Real Property . |

5.  **Proposed Disposition of Proceeds in the following order :**

DISPOSITION OF PROCEEDS: In accordance with the prior Order of this Court dated January 18, 2010,  Authorizing Sale of  Real Property Fee and Clear of Co-owner Interest (Doc. 12)  The proceeds of  sale shall be applied in the  following order until fully disbursed:

First:   The unavoidable, allowed liens, claims or interests, which have an undisputed valid, enforceable pre-petition lien against the Real Property, shall be transferred to and paid from the proceeds of the sale, in the same priority and amount said lien, claim, interest or security interest attached to the subject property, subject to the provisions of 11 U.S.C. §363, 724, and 726; then

Second:  The actual cost and expenses of any sale of said Real Property, specifically including but not limited to charges, fees, and disbursements necessary for the conveyance and transfer of the Real Property, and realtor commissions or fees  as allowed by Order of the Bankruptcy Court authorizing the employment of such realtor shall be payable and paid at settlement from the gross proceeds of sale;

Third:   The Trustee shall then pay the undisputed, allowable and allowed joint unsecured debts of the debtor and the Co-Owner William P. Tracey; if any, from proceeds of the sale in accordance with the provisions and priority scheduled set forth in 11 U.S.C. 507 and §726.

Fourth:   Thereafter, the proceeds remaining, if any, shall be distributed by and between the estate and the probate estate of William P. Tracey, the Co-Owner of the property, according to the interests of the estate and said Co-Owner as determined by (i)  an agreement approved by this Court by and between the Personal Representatives of probate estate of William P. Tracey and the Trustee or (ii) a final, non- appealable Order of the Circuit Court for Carroll County in the matter captioned William P. Tracey v. Anita L. Tracey case no. 06-C-0441299.[1]

Fifth:   The remaining sale proceeds, if any shall be held by the Trustee, for further administration in accordance with 11 U.S.C.

### Notice

6.  Pursuant to Bank. R. 2002 and L. R. 2002-1 and 6004-1, the Trustee on June 15, 2010 gave Notice of the Proposed Sale to all interested parties that any objection to the proposed Sale or this Motion must file such response or objection, within twenty-one (21) days from the date of

---

[1] The case of the Circuit Court for Carroll County in the matter captioned William P. Tracey v. Anita L. Tracey case no. 06-C-0441299 is currently on appeal to the Maryland Court of Special Appeals pending as appeal No. 00089, September term 2009. The issues on appeal could impact the ultimate distribution of the

the Notice, specifically on or before July 8, 2010. A Copy of the Notice as served is attached hereto.

      WHEREFORE, your undersigned Trustee prays:

      A.     That this Motion be Granted; and

      B.     That an Order be entered permitting and approving the Trustee's proposed sale of the Property and improvements of Debtors' estate as listed herein on the terms set forth in the Notice and this Motion; and

      C.     For such other and further relief as the nature of the proceeds may require.

Date: June 15, 2010                                             /s/ *Michael G. Rinn*
                                                                Michael G. Rinn, Esquire
                                                                Federal Bar Number: 0310
                                                                111 Warren Road, Suite 4
                                                                Cockeysville, Maryland 21030
                                                                (410) 683-1040
                                                                Rinnoffice@rinn-law.com

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 14th day of June, 2010 a copy of the foregoing Motion, Notice of Proposed Sale and Proposed Order was served electronically to those parties on the Court's CM/ECF service list and was mailed first class mail, postage pre-paid to:

| | |
|---|---|
| Constance M. Hare, Esquire | Anita L. Tracey |
| Mehlman, Greenblatt & Hare, LLC | 3702 Diane Avenue |
| 723 South Charles Street, Suite LL3 | Hampstead, MD 21074 |
| Baltimore, MD 21230 | |

J. Shawn Alcarese Esq.
409 Washington Avenue, Suite 707
Towson Maryland 21204

                                                                 /s/ *Michael G. Rinn*
                                                                 Michael G. Rinn, Esquire