IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
*(Baltimore Division)*

| | |
|---|---|
| IN RE: | * |
| ANITA L TRACEY | *   CASE NO.: 07-10895 NVA |
| | Chapter 7 |
| Debtor | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**NOTICE OF TRUSTEE'S PROPOSED
PRIVATE SALE OF REAL PROPERTY**

[Undisputed Liens Paid at Closing & Co-Owner Having Previously Consented]

NOTICE is hereby given pursuant to 11 U.S.C. 363 and Rule 6004-1of the Federal Rules of Bankruptcy Procedure, that, pursuant to the terms and conditions of the prior Order of this Court dated January 31, 2008, Authorizing Sale of Real Property Fee and Clear of Co-owner Interest (Doc.15), a copy of which is attached, the Trustee proposes to sell at private sale, the right, title and interest of the Debtor and the co-owner in and to the improved real property located in Carroll County, Maryland and described and known as *3702 Diane Avenue, Hampstead, Maryland 21074* (hereinafter "the Real Property"). The Trustee has filed a Motion to Approve the Sale, ("The Motion") which is on file in these Proceedings.

**TERMS OF PROPOSED SALE**

A. The basic terms of the proposed sale are as follows:

   a.   TYPE OF SALE:              Private negotiated Sale.

   b.   PROPERTY TO BE SOLD:   3702 Diane Avenue, Hampstead, Maryland 21074

   c.   PURCHASE PRICE:          $180,000.00.

| | | |
|---|---|---|
| d. | BUYER: | Everett Tracey |

NOTE: The Buyer is the son of the Debtor and the co-owner of the Real Property. The Co-owner, William Tracey died on February 11, 2010, subsequent to the Order of this Court dated January 18, 2010, Authorizing Sale of Real Property Fee and Clear of Co-owner Interest. The Real Property has been on the market for not less than a 2 years, including both pre and post-petition and the offer represents the best and highest offer to date.

| | | |
|---|---|---|
| e. | PLACE AND TIME OF SALE: | As soon after Court approval as is practicable. |
| f. | REALTOR COMMISSIONS/ FEES: | As Allowed By Court |
| g. | TRUSTEE'S COMMISSIONS: | As allowed by Court. |
| h. | SETTLEMENT CHARGES: | Transfer taxes and documentary stamps shall be paid solely by Buyer. |
| i. | APPRAISAL: | The scheduled value of the Property is $265,000, however the property to be sold has been marketed for not less than a 2 years, including both pre and post-petition and the offer represents the best and highest offer to date |
| j. | LIENS TO BE PAID AT CLOSING: | Unavoidable, undisputed liens to be paid and satisfied at closing. |
| k. | ADDITIONAL SUBSTANTIVE TERMS: | The Buyer agrees to release the Bankruptcy Estate of Anita Tracey from any and all claims for reimbursement or contribution arising from the payment by Buyer of taxes, repairs or liens upon the Real Property . |

A copy of the full contract is on file in these proceedings.

Proposed Disposition of Proceeds in the following order :

B. DISPOSITION OF PROCEEDS: In accordance with the prior Order of this Court dated January 18, 2010, Authorizing Sale of Real Property Fee and Clear of Co-owner Interest

(Doc. 12)  The proceeds of sale shall be applied in the following order until fully disbursed:

  First: The unavoidable, allowed liens, claims or interests, which have an undisputed valid, enforceable pre-petition lien against the Real Property, shall be transferred to and paid from the proceeds of the sale, in the same priority and amount said lien, claim, interest or security interest attached to the subject property, subject to the provisions of 11 U.S.C. §363, 724, and 726; then

  Second:  The actual cost and expenses of any sale of said Real Property, specifically including but not limited to charges, fees, and disbursements necessary for the conveyance and transfer of the Real Property, and realtor commissions or fees  as allowed by Order of the Bankruptcy Court authorizing the employment of such realtor shall be payable and paid at settlement from the gross proceeds of sale;

  Third: The Trustee shall then pay the undisputed, allowable and allowed joint unsecured debts of the debtor and the Co-Owner William P. Tracey; if any, from proceeds of the sale in accordance with the provisions and priority scheduled set forth in 11 U.S.C. 507 and §726.

  Fourth: Thereafter, the proceeds remaining, if any, shall be distributed by and between the estate and the probate estate of William P. Tracey, the Co-Owner of the property, according to the interests of the estate and said Co-Owner as determined by (i)  an agreement approved by this Court by and between the Personal Representatives of probate estate of William P. Tracey and the Trustee or (ii) a final, non- appealable Order of the Circuit Court for Carroll County in the matter captioned William P. Tracey v. Anita L. Tracey case no. 06-C-0441299.[1]

  Fifth: The remaining sale proceeds, if any shall be held by the Trustee, for further administration in accordance with 11 U.S.C.

Before the consummation of a sale of the Real Property, the probate estate of William P. Tracey the deceased Co-Owner, shall have the right pursuant to 11 U.S.C. Section 363 (i) to purchase such property at the price at which such sale is to be consummated.

Creditors or other parties in interest, wishing to oppose the Motion or the proposed sale must file such response or objection, stating specifically the factual and legal grounds therefore, within twenty-one (21) days from the date of this Notice, specifically on or before **July 8, 2010** in the United States Bankruptcy Court for the District of Maryland, 101 W. Lombard Street, Suite 8308, Baltimore, Maryland 21201 and with the undersigned Trustee. If a timely objection is filed the Court will hold a Hearing on the matter on   **07/15/2010 at 02:30 pm - Courtroom 2-A.**

---

[1] The case of the Circuit Court for Carroll County in the matter captioned William P. Tracey v. Anita L. Tracey case no. 06-C-0441299 is currently on appeal to the Maryland Court of Special Appeals pending as appeal No. 00089, September term 2009. The issues on appeal could impact the ultimate distribution of the

If you or your lawyer do not file and serve a timely response to the Motion or Notice, the court may find that you do not oppose the relief sought in the Motion or this Notice and may grant or otherwise dispose of the Motion or grant the relief sought in this Notice before the scheduled hearing date. If no objections are timely filed, the Court may grant the Motion, approve the sale and the proposed sale may be consummated without further notice. Notice is further given that the United States Bankruptcy Court may, if it deems appropriate conduct a hearing or determine the matter without a hearing regardless of whether an objection is filed.

**NOTE**: The receipt by the Trustee of a higher and better offer shall be considered as an objection to the proposed sale. Any higher offer must be in the form of a written agreement substantially identical to the Offer, must be in an amount more than $190,000.00, must be free of all inspection and financing contingencies and must include documentation evidencing the ability of the offeror to pay at closing the full amount of the purchase price by cash, certified or cashier's check or other immediately available funds.

Creditors desiring further information should communicate immediately with the undersigned Trustee.

Date: <u>June 15, 2010</u>                    /s/ *Michael G. Rinn*
                                               Michael G. Rinn, Chapter 7 Trustee
                                               Federal Bar No. 01310
                                               111 Warren Road, Suite 4
                                               Cockeysville, Maryland 21030
                                               (410) 683-1040
                                               Rinnoffice@rinn-law.com